UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEROME HEAVEN, JR.,

      Plaintiff,

v.                                    Case No: 5:23-cv-447-MMH-PRL

JAMES P. TARQUIN,

      Defendant.

REPORT AND RECOMMENDATION[1]

This is one of twenty-seven cases that *pro se* Plaintiff, Jerome Heaven Jr., has filed in

the Middle District of Florida since April 2023.[2] This action arises out of "lawyer James P.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] These cases include: *Heaven et al. v. Seven Eleven*, 5:23-cv-00247-WFJ-PRL (Apr. 20, 2023); *Heaven v. Pettis et al.*, 5:23-cv-00248-CEM-PRL (Apr. 25, 2023); *Heaven v. Advent Hosp. et al.*, 5:23-cv-00249-WFJ-PRL (Apr. 20, 2023); *Heaven v. Advent Health*, 5:23-cv-00287-WFJ-PRL (June 26, 2023); *Heaven v. Woods et al.*, 5:23-cv-00250-JLB-PRL (Apr. 26, 2023); *Heaven v. Well*, 5:23-cv-00251-BJD-PRL (May 1, 2023); *Heaven v. Tarquin*, 5:23-cv-00252-SPC-PRL (Apr. 25, 2023); *Heaven v. Woods et al.*, 5:23-cv-00278-CEM-PRL (June 26, 2023); *Heaven v. Woods et al.*, 5:23-cv-00279-WFJ-PRL (June 7, 2023); *Heaven v. Seven Eleven*, 5:23-cv-00281-BJD-PRL (June 13, 2023); *Heaven v. City of Ocala*, 5:23-cv-00290-JLB-PRL (July 5, 2023); *Heaven v. Green Gait Powered by W. One et al.*, 5:23-cv-00291-BJD-PRL (June 13, 2023); *Heaven v. Tarquin*, 5:23-cv-00295-TPB-PRL (June 13, 2023); *Heaven v. City of Ocala Code Enf't et al.*, 5:23-cv-00348-CEM-PRL (June 13, 2023); *Heaven v. Fifth Jud. Marion Cnty. Cir. Ct.*, 5:23-cv-00382-SPC-PRL (June 20, 2023); *Heaven v. Sec'y, Dep't of Corrs. (Marion)*, 5:23-cv-00383-WWB-PRL (June 21, 2023); *Heaven v. Advent Health*, 5:23-cv-00391-BJD-PRL (June 28, 2023); *Heaven v. Advent Health et al.*, 5:23-cv-00399-TJC-PRL (July 10, 2023); *Heaven v. Manatee Cnty. Courthouse et al.*, 8:23-cv-01196-TPB-TGW (filed May 30, 2023); *Heaven v. Advent Health*, 8:23-cv-01198-SDM-CPT (July 10, 2023); *Heaven v. City of Ocala Code Enf't*, 8:23-cv-01199-CEH-JSS (June 2, 2023); *Heaven v. Manatee Cnty. Courthouse et al.*, 8:23-cv-01379-SDM-TGW (June 23, 2023); *Heaven v. Hire Quest*, 5:23-cv-00433-MMH-PRL (July 18, 2023); *Heaven v. Green Gait Powered by W. One*, 5:23-cv-00434-BJD-PRL (July 12, 2023); *Heaven et al. v. City of Ocala et al.*, 5:23-cv-00448-CEM-PRL (July 19, 2023); *Heaven v. Marion Cnty. Sheriff's Office et al.*, 5:23-cv-00449-TJC-PRL (July 19, 2023).

Tarquin" representing Plaintiff in the civil case, "Jerome Heaven JR-v-Marion Sheriff Office [sic] [.]" (Doc. 1 at 4). Plaintiff purports to assert a claim under 42 U.S.C. § 1983 for "reckless endangerment[,] imminent danger[,] serious bodily harm[,] lost wage[,] maintain the integrity of the profession[.]" (Doc. 1 at 3). Plaintiff alleges that there was ineffective assistance of counsel because "Lekisha L Johnson gave [him] full control not power attorney she became 3rd party 100% disable [sic] [he] got lost in the mix doing time and wanted to know the outcome [he] should know about everything 450 million dollars should have went to [his] sun trust per James P. Tarquin it did and somehow never went back after DNA[.]" (Doc. 1 at 4). Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2). Because Plaintiff's factual allegations cannot support a claim under § 1983, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2), should be denied and his Complaint should be dismissed.

## I.   LEGAL STANDARDS

An individual may be allowed to proceed *in forma pauperis* if she declares in an affidavit that she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or … seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without

merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)). In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## II.    DISCUSSION

Here, the allegations in the Complaint do not come close to stating a claim with facial plausibility. To state a claim for relief under § 1983, Plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 49–50 (1999). At the most basic level, Plaintiff has not alleged any constitutional or statutory right that was violated, nor has he alleged any facts suggesting that such a violation occurred. In addition, Plaintiff has not alleged any facts suggesting that Defendant, a privately retained attorney, was a state actor or that his conduct would fall under the purview of § 1983. *See Lawrence v. Douthit, Murray & Pierre, PA.*, No. 07-21900-CIV, 2007 WL 9751676, at *1 (S.D. Fla. Aug. 1, 2007), *report and recommendation adopted*, No. 06-21900-CIV,

2007 WL 9751675 (S.D. Fla. Aug. 28, 2007) ("Privately retained attorneys do not act under color of state law."); *see also Pierre v. Ingber L. Firm, PLLC*, No. 16-CV-5974 (MKB), 2017 WL 384322, at *2 (E.D.N.Y. Jan. 25, 2017) (collecting cases dismissing Section 1983 claims against private attorneys and firms).

Typically, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," at least where a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (holding this rule inapplicable to counseled plaintiffs). However, a district court is not required to grant leave where amendment would be futile. *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017). Granting leave to amend would be futile if the complaint, as amended, would still be subject to dismissal. *Id.* Given a fair reading of Heaven's grievances, granting him leave to amend would be futile because based on the allegations it does not appear that he could state a valid federal claim for relief.

## III.   RECOMMENDATION

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) should be denied and his Complaint should be dismissed.

Recommended in Ocala, Florida on July 26, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy